**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BAYLOR HEALTH CARE SYSTEM | ) | |
| | ) | |
| v. | ) | 3-08-CV-1542-L |
| | ) | |
| GALLAGHER BENEFIT | ) | |
| ADMINISTRATORS, INC., a/k/a | ) | |
| AMERICAN ADMINISTRATIVE GROUP | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on December 18, 2008, on February 17, 2009, came on to be heard Plaintiff Baylor Health Care System's Motion to Confirm Arbitration Award and Enter Final Judgment filed on December 1, 2008, and having considered the relevant pleadings and the statements and arguments of counsel for the parties, the magistrate judge finds and recommends as follows:

Plaintiff filed a complaint in this court seeking to recover sums claimed to be due pursuant to the provisions of the Hospital Services Agreement to which Defendant Gallagher Benefit Administrators, Inc., agreed to be bound. *Baylor Health Care System v. Gallagher Benefit Administrators, Inc.,* No. 3-06-CV-97-BH. On May 5, 2006, Magistrate Judge Ramirez filed an order staying the case pending arbitration. *See* Plaintiff's Appendix at 037.

In March and early April 2008 the claims were heard by a panel of arbitrators selected by the parties and on May 14, 2008, the panel issued its unanimous Final Arbitration Award in favor of Baylor Health Care System. *See* Appendix, *supra*, at Exhibit A, 002-08.

Plaintiff then filed an action in the 193rd Judicial District Court of Dallas County, Texas, to confirm the arbitration award and enter judgment in its favor. On September 2, 2008, Gallagher Benefit Administrators, Inc., removed the action to this court, and on December 1, 2008, Baylor

Health Care System filed the present motion.

**Analysis:** In determining the merits of Plaintiff's motion, the court applies the provisions of the Texas General Arbitration Act.[1] Sections 171.088 and 171.091 of the Act govern the procedure for vacating, modifying or correcting an arbitration award. *See* Tex. Civ. Prac. & Rem. Code ¶¶ 171.088(b), 171.091(b). An application under these provisions is to be filed "not later than the 90th day after the date of delivery of a copy of the award to the applicant."[2] "Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, upon application of a party, shall confirm the award." *Id.* §171.087.

It is undisputed that the arbitration award was delivered to the parties on May 16, 2008. Therefore any application to vacate, modify or correct the award was required to be filed on or before August 13, 2008. Although Gallagher has contested Plaintiff's motion to confirm the award, it did not articulate its grounds for opposing the same prior to its response filed on January 5, 2009.[3] Although the Texas supreme court has not expressly addressed the time requirement imposed under §§ 171.088(b) and 171.091(b), the intermediate appellate courts have uniformly held that a party is not entitled to contest an arbitration award when its application for vacating or modifying the award is not filed within the 90-day period. *See Louisiana Natural Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.,* 875 S.W.2d 458, 462 (Tex.App. - Houston [1st Dist.] 1994, writ denied) cited in *Telemetrics International, Inc. v. Hall,* 922 S.W.2d 189, 192 (Tex. App. - Houston [1st Dist.] 1996, writ denied) - applying the former provisions of the Texas General Arbitration Act. *See also Blue*

---

[1] *See Hospital Services Agreement - PPO*, at Art. VII, 7.3 Procedure at 22.

[2] *Accord, See* 9 U.S.C. § 12. Notice of a motion to vacate, modify, etc. must be filed within three months after the award is filed or delivered.

[3] Prior to removal Gallagher filed a general denial answer on August 29, 2008.

*Cross Blue Shield of Texas v. Juneau,* 114 S.W.3d 126, 135-36 (Tex.App.– Austin 2003). In *Garza v. Phelps Dodge Refining Corp.,* 262 S.W. 3d 514, 518-520 (Tex.App. - El Paso 2008, no writ), although the court confirmed the award in favor of the prevailing employee, it refused to consider his request for back pay because it was not sought until well after the 90-day period had expired. Gallagher argues that the Dallas Court of Appeals in *Roehrs v. FSI Holdings, Inc.,* 246 S.W.2d 796 (Tex.App. - Dallas 2008) did not apply the 90-day limitation period. Although it is true that the opinion does not discuss the 90-day limit, there is nothing to suggest that such an issue was ever raised. Moreover, neither the date of the arbitration award nor the filing of the counterclaim, raising issues with the arbitration panel's award, is identified. More to the point is the Dallas Court of Appeals' unreported opinion in *Garner v. MBNA America Bank, N.A.,* ___ S.W.3d ___, 2007 WL 499646 (Tex.App. - Dallas 2007) in which the court expressly cited §171.088(b), *supra,* in holding that the non-prevailing party's attack on the arbitration award was time barred. Since Gallagher failed to object to the arbitration award in a timely fashion, it is unnecessary to address its objections on the merits of the award.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Baylor Health Care System's motion to confirm be granted and that final judgment in accordance with the terms of the Arbitration Award

be entered in its favor.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 23rd day of February, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.