IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BAYLOR HEALTH CARE SYSTEM**, § § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. **3:08-CV-1542-L** | |
| § | | |
| **GALLAGHER BENEFIT** § | | |
| **ADMINISTRATORS, INC. n/k/a** § | | |
| **AMERICAN ADMINISTRATIVE GROUP**, § | | |
| § | | |
| Defendant. § | | |

## ORDER

Before the court is Plaintiff's Motion to Confirm Arbitration Award and Enter Final Judgment, filed December 1, 2008. The court referred this motion to United States Magistrate Judge Wm. F. Sanderson, Jr. on December 18, 2008. On February 23, 2009, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. Defendant filed objections to the Report on March 5, 2009, and Plaintiff filed a response to the objections on March 10, 2009.

Plaintiff seeks confirmation of an arbitration award issued May 14, 2008, and entry of judgment in its favor. The magistrate judge found that Defendant's attack on the arbitration award was barred by the ninety-day limitations period of the Texas General Arbitration Act and recommended that the court grant Plaintiff's Motion to Confirm Arbitration Award and Enter Final Judgment.

Defendant objects to the magistrate judge's findings and recommendation and contends that its objections are not time-barred. Defendant contends that the section upon which the magistrate judge relied applies only to *applications* to vacate arbitration awards and not to offering *grounds* to

vacate the arbitration award in response to a motion to confirm the award.  Defendant recognizes that Texas appellate courts have applied the ninety-day limitation period in cases similar to this case.  It contends, however, that its interpretation of the ninety-day provision is "more consistent with the statutory construction of the Texas General Arbitration Act, and, therefore, a more appropriate interpretation of the same." Def.'s Obj. 2.  The court disagrees.  After careful review of the statute and the relevant case law, the court agrees with the interpretation upon which the magistrate judge and the Texas appellate courts rely.  Accordingly, the court **overrules** Defendant's objections.

Having reviewed the motion, response, reply, record, and the Report in this case, the court determines that the findings and conclusions are correct.  The magistrate judge's findings and conclusions are therefore **accepted** as those of the court.  Accordingly, the court **grants** Plaintiff's Motion to Confirm Arbitration Award and Enter Final Judgment and **confirms** the Final Arbitration Award dated May 14, 2008 (attached hereto), which was issued by the arbitration tribunal in the arbitration proceeding between Baylor Health Care System and Gallagher Benefit Administrators, Inc., n/k/a American Administrative Group and assigned American Arbitration Association Docket No. 71 193 M 00528 06 (the "Award").  Judgment will issue by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Additionally, on September 15, 2008, Plaintiff filed a motion for leave to file a first amended complaint.  Plaintiff sought leave to amend its complaint "to allow full presentation of the [] claims against Defendant." Pl's Mot. for Leave to Amend 2.  Because the amendment is not necessary to the resolution of the matters before it, the court **denies** Plaintiff's Motion for leave to File First Amended Complaint.

**It is so ordered** this 8th day of April, 2009.

_____
Sam A. Lindsay
United States District Judge

**Order – Page 3**